UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MATTHEW ZASO and TIMOTHY SIKORSKI,**
*and all other employees similarly situated,*

                *Plaintiffs,*

                *vs.*

**CENTRAL FOOD PROCESSING EQUIPMENT, INC. and ANTHONY CIFERNI,**

                *Defendants.*

**ANSWER TO COMPLAINT**

Civil Action No.
14-cv-06358

---

Central Food Processing Equipment, Inc. ("Central Food") and Anthony Ciferni ("Ciferni") (collectively referred to herein as "Defendants"), by and through their attorneys, Hiscock & Barclay, LLP, as and for their Answer to the Plaintiffs' Complaint, state as follows:

1. Paragraph 1 of Plaintiffs' Complaint sets forth a legal conclusion not calling for admission or denial but, to the extent it contains allegations to which a response is required, Defendants deny such allegations.

2. Paragraph 2 of Plaintiffs' Complaint sets forth a legal conclusion not calling for admission or denial but, to the extent it contains allegations to which a response is required, Defendants deny such allegations.

3. Paragraph 3 of Plaintiffs' Complaint sets forth a legal conclusion not calling for admission or denial but, to the extent it contains allegations to which a response is required, Defendants deny such allegations.

4. Paragraph 4 of Plaintiffs' Complaint sets forth a legal conclusion not calling for admission or denial but, to the extent it contains allegations to which a response is required, Defendants deny such allegations.

5. Defendants admit the allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

6. Defendants admit only so much of Paragraph 6 of Plaintiffs' Complaint as alleges that Defendant Central Food is engaged in providing services to its customers in the form of repairs and installations, and has been engaged in the sale of goods crossing interstate lines, and deny the remaining allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit only so much of Paragraph 7 of Plaintiffs' Complaint as alleges that Defendant Central Food engaged in interstate commerce with annual gross sales of not less than $500,000 and deny the remaining allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit only so much of Paragraph 8 of Plaintiffs' Complaint as alleges that Defendant Ciferni is an owner of Defendant Central Food, and deny the remaining allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit only so much of Paragraph 11 of Plaintiffs' Complaint as alleges that Plaintiff Zaso was employed by Defendant Central Food as a Repair Technician in Rochester, New York from approximately February 1998 to March 2012 and deny the remaining allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants admit only so much of Paragraph 13 of Plaintiffs' Complaint as alleges that Plaintiff Sikorski was employed by Defendant Central Food as a Repair Technician in Buffalo, New York from approximately April 1990 to January 2012.

14. Paragraph 14 of Plaintiffs' Complaint sets forth a legal conclusion not calling for admission or denial but, to the extent it contains allegations to which a response is required, Defendants deny such allegations.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants admit only so much of Paragraph 20 of Plaintiffs' Complaint as alleges that Plaintiffs' primary job duty was to service and repair food processing equipment at Defendant Central Foods' customers' business locations, that Defendant Central Food dispatched Repair Technicians to handle service calls from customers, and that Repair Technicians would repair equipment at Defendant Central Foods' shop, and deny the remaining allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. Admit only so much of Paragraph 21 of Plaintiffs' Complaint as alleges that Plaintiffs were provided a 30 minute meal break and deny the remaining allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23. Defendants admit only so much of Paragraph 23 of Plaintiffs' Complaint as alleges that Defendant Ciferni issued a memorandum to Plaintiff Zaso on or around July 21, 2010 and deny the remaining allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit only so much of Plaintiffs' Complaint as alleges that Plaintiff Zaso's employment with Defendant Central Food was terminated on or about March 2, 2012 and deny the remaining allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants repeat and re-allege each of the responses in Paragraphs 1 through 28 as is fully set forth herein.

30. Defendants deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants repeat and re-allege each of the responses in Paragraphs 1 through 30 as is fully set forth herein.

32. Defendants deny the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants repeat and re-allege each of the responses in Paragraphs 1 through 32 as is fully set forth herein.

34. Defendants deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants repeat and re-allege each of the responses in Paragraphs 1 through 34 as is fully set forth herein.

36. Defendants deny the allegations set forth in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny each and every other allegation of Plaintiffs' Complaint not specifically admitted herein.

## FIRST DEFENSE

38. Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

## SECOND DEFENSE

39. Plaintiffs are not entitled to any relief under the Fair Labor Standards Act ("FLSA") or the New York Labor Law because they were fully and justly compensated for all of the time that they worked, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

## THIRD DEFENSE

40. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

## FOURTH DEFENSE

41. To the extent that Plaintiffs purport to bring this claim as a class action, Plaintiffs do not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and, thus, this action cannot be maintained as a class action.

## FIFTH DEFENSE

42. This case may not be maintained as a collective action because the named Plaintiffs are not similarly situated to or otherwise adequate representatives for the persons

whom they purport to represent and, thus, they cannot satisfy the requirements under 29 U.S.C. § 216.

**SIXTH DEFENSE**

43. Plaintiffs' claims are barred, in whole or in part, because Plaintiff Zaso cannot establish a causal connection between his alleged protected activity and his termination from employment.

**SEVENTH DEFENSE**

44. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, and other applicable law, because actions taken in connection with Plaintiffs' compensation were in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the United States Department of Labor and/or the New York State Department of Labor, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

**EIGHTH DEFENSE**

45. Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, and other applicable law, because any acts or omissions giving rise to this action were in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or New York Labor Law, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

8608791.1

## NINTH DEFENSE

46. Defendants, at all times, acted in good faith to comply with the FLSA and New York Labor Law and with reasonable grounds to believe that their actions did not violate the FLSA and/or New York Labor Law, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or New York Labor Law as a defense to any claim by Plaintiffs for liquidated or other damages, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

## TENTH DEFENSE

47. Defendants did not willfully fail to pay Plaintiffs any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sums that may be alleged to be due, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

## ELEVENTH DEFENSE

48. Even if Defendants, in fact, failed to pay Plaintiffs for any of the activities alleged in Plaintiffs' Complaint, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

## TWELFTH DEFENSE

49. Plaintiffs' claims are barred in whole or in part by the provisions of the FLSA and the Portal-to-Portal Act, 29 U.S.C. § 254, and other applicable law, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities or incidental to them, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

8608791.1

**THIRTEENTH DEFENSE**

50. Plaintiffs' claims are barred in whole or in part by the *de minimis* rule, 29. C.F.R. § 785.47, or the doctrine of *de minimis non curat lex*, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

**FOURTEENTH DEFENSE**

51. Plaintiffs' claims are barred by the doctrines of waiver, unclean hands and laches, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

**FIFTEENTH DEFENSE**

52. Plaintiffs' claims are barred to the extent Plaintiffs failed, refused or neglected to mitigate or avoid the damages complained of in Plaintiffs' Complaint, if any, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

**SIXTEENTH DEFENSE**

53. Plaintiffs are precluded from recovering attorneys' fees, liquidated damages, consequential damages, compensatory damages, or any other form of damages from Defendants under applicable provisions of law, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

**SEVENTEENTH DEFENSE**

54. Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

## EIGHTEENTH DEFENSE

55. Any action taken by Defendants with respect to Plaintiffs was for a proper, non-retaliatory, business-related reason which was not unlawful, which defense may also apply to the claims of some or all of the other allegedly similarly-situated persons.

**WHEREFORE**, Defendants respectfully request that the Plaintiffs' Complaint be dismissed with prejudice and that the Court grant Defendants such other and further relief as the Court shall deem just and proper, including reimbursement of attorneys' fees and costs in defending this action.

**DATED:** November 10, 2014  **HISCOCK & BARCLAY, LLP**

By: /s/ Robert P. Heary
    Robert P. Heary
    Megan E. Moran

Office and Post Office Address
1100 M&T Center
3 Fountain Plaza
Buffalo, New York 14203
Telephone: (716) 566-1570
Facsimile: (716) 846-1202
E-mail: rheary@hblaw.com
E-mail: mmoran@hblaw.com

*Attorneys for Defendants*
*Central Food Processing Equipment, Inc. and*
*Anthony Ciferni*